**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 26-03604 |
| THOSE PARTIES LISTED ON APPENDIX A | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The below-referenced Defendants ("Defendants" or the "Families"),[2] by and through their undersigned counsel, hereby file this Answer to the First Amended Complaint for Declaratory and Injunctive Relief (the "First Amended Complaint") filed by Camp Mystic, LLC, and its debtor affiliates (collectively, the "Debtors" or "Plaintiffs"), and answer as follows:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] The Defendants/Families are: the Baker Family; the Bellows Family; the Bonner Family; the Childress Family; the DeWitt Family; the Dillon Family; the Ferruzzo Family; the Getten Family; the Hanna Family; the Hollis Family; the Hunt Family; the Jacobe Family; the Landry Family; the Lytal Family; the Marsh Family; the McCown Family; the McCrory Family; the Naylor Family; the Peck Family; the Pohl Family; the Sheedy Family; the Stevens Family; the Steward Family; and the Toranzo Family. The Baker and Marsh Families did not commence lawsuits prepetition and, thus, were not initially included in Appendix A to the Original Complaint. The Debtors added them through the First Amended Complaint [Docket No. 5]. The Defendants/Families do not include John and Lacy Lawrence, who were nonsuited without prejudice [Docket No. 8].

## Introduction

1. Defendants admit that the Debtors have commenced this adversary proceeding and that the Debtors purport to seek declaratory and injunctive relief pursuant to the cited provisions of the Bankruptcy Code and the Bankruptcy Rules. Defendants deny that the relief requested in the First Amended Complaint and associated motion practice is necessary or appropriate. The remaining allegations in Paragraph 1 are legal conclusions or characterizations of the Debtors' litigation positions to which no response is required; to the extent a response is required, such allegations are denied.

2. Defendants admit that the Debtors seek the declarations described in Paragraph 2 of the First Amended Complaint. Defendants admit that the Prepetition Actions, as identified in Appendix B to the First Amended Complaint, exist. Defendants deny that the automatic stay under section 362 of the Bankruptcy Code applies to or extends to prohibit the continued prosecution of the Families' direct tort claims against the Individual Defendants, as defined in the First Amended Complaint. Defendants deny that the Covered Actions, as characterized by the Debtors, should be stayed. The remaining allegations of Paragraph 2 constitute legal conclusions to which no response is required; to the extent a response is required, they are denied.

3. Defendants admit that the Debtors request a preliminary injunction pursuant to section 105(a) of the Bankruptcy Code. Defendants deny that such an injunction is necessary, appropriate, or warranted under the applicable legal standards.

4. Denied. Defendants deny that the relief requested in this adversary proceeding is necessary or appropriate. Defendants deny that commencement or continuation of the Covered Actions against the Individual Defendants during these Chapter 11 Cases will prejudice the Debtors or their estates in the manner alleged or at all. The Families' direct tort claims against the

Individual Defendants are independent claims based on the Individual Defendants' own acts and omissions and are not actions against the Debtors.

5. Defendants state that the documents referenced in Paragraph 5, including the company agreements, lease agreement, and Texas state statutes, speak for themselves, and Defendants deny any characterizations thereof that are inconsistent with the terms of such documents. To the extent Paragraph 5 alleges that indemnification obligations require or justify extension of the automatic stay to non-debtor parties, such allegations are denied. Defendants further state that the indemnification provisions referenced in the First Amended Complaint contain standard exclusions for gross negligence and willful misconduct.

6. Denied. Defendants deny that continued prosecution of the Covered Actions could potentially diminish the Debtors' assets by depleting the proceeds or available limits of the Debtors' Insurance Policies, as alleged. Defendants deny that the Insurance Policies, as defined in the First Amended Complaint, or their proceeds are automatically rendered property of the Debtors' estates solely because the Individual Defendants may be co-insureds. The allegations regarding how insurance proceeds "would be best administered" are legal conclusions and characterizations of the Debtors' litigation position, which are denied.

7. Denied. Defendants deny that findings of fact, conclusions of law, and judgments against the Individual Defendants in the Prepetition Actions would result in res judicata, collateral estoppel, or other results that would be prejudicial to the Debtors. The Families' direct tort claims against the Individual Defendants are legally distinct from claims against the Debtors, and any speculative risk of preclusive effect does not justify extension of the automatic stay to non-debtor parties.

8. Denied. Defendants deny that the Debtors would inevitably be forced to participate in discovery in the Covered Actions as alleged, and deny that such alleged participation, even if it were to occur, justifies the extraordinary remedy of extending the automatic stay to non-debtor parties. The Debtors' characterization of the allegations as "inextricably intertwined" is denied.

9. Denied. Defendants deny that the Debtors would be forced to participate in the Covered Actions absent the requested relief. Defendants further deny that the diversion of estate resources alleged in Paragraph 9 is a basis for extending the automatic stay to non-debtor defendants. The automatic stay protects debtors, not non-debtor insiders who may face personal liability for their own conduct.

10. Denied. Defendants deny that a stay and injunction with respect to the Covered Actions is critical to give proper effect to the automatic stay or to avoid irreparable harm to the Debtors' reorganization efforts. The automatic stay under 11 U.S.C. § 362(a) does not, as a matter of law, extend to non-debtor parties absent truly unusual circumstances, which the Debtors have not demonstrated.

**Jurisdiction and Venue**

11. Defendants admit that this Court has jurisdiction over the Debtors, their estates, and the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Defendants deny that this adversary proceeding is a core proceeding to the extent the First Amended Complaint seeks to adjudicate personal injury and wrongful death claims. Defendants further deny that this Court has constitutional authority to enter a final order on the merits of the underlying tort claims against the Individual Defendants.

12. Defendants admit that venue is proper in this Court under 28 U.S.C. § 1409. Defendants deny that this is a core proceeding pursuant to 28 U.S.C. § 157 to the extent the First

Amended Complaint seeks relief that would effectively adjudicate the Families' state-law personal injury and wrongful death claims against the Individual Defendants.

13. Defendants acknowledge that the Debtors confirm their consent to the entry of a final order by this Court. Defendants do not consent to the entry of final orders or judgments by this Court on non-core matters, including the adjudication of the Families' state-law tort claims against the Individual Defendants.

14. Defendants admit that the Debtors identify sections 105(a) and 362(a) of the Bankruptcy Code and 28 U.S.C. § 2201(a) as the statutory bases for the relief sought. Defendants admit that the Debtors commenced this Adversary Proceeding pursuant to Bankruptcy Rules 7001(g), 7001(i), and 7065. Defendants deny that the cited provisions authorize the relief sought in the First Amended Complaint.

**Parties**

15. Admitted. Defendants admit that the Debtors are debtors-in-possession in the above-referenced Chapter 11 Cases, which are currently pending before this Court.

16. Admitted in part. Defendants admit that each named defendant identified in Appendix A is a plaintiff in one or more of the Prepetition Actions and has asserted Claims against the Debtors and one or more of the Individual Defendants. To the extent Paragraph 16 characterizes any Appendix A defendant as a prospective plaintiff who may seek to commence an action, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

**Background**

**A. General Background**

17. Defendants admit that the Debtors own and operate a private summer camp for girls named Camp Mystic on the South Fork of the Guadalupe River, near Hunt in Kerr County, Texas. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 regarding the Camp's history, reputation, and enrollment, and therefore deny the same.

18. Defendants admit that the Camp previously operated on property in the Texas Hill Country comprising two campuses as generally described in Paragraph 18. Defendants lack knowledge or information sufficient to form a belief as to the specific acreage or dates of development, and therefore deny the same.

19. Defendants admit that the Individual Defendants are or were officers, members, managers, and/or employees of one or more of the Debtors as generally described in Paragraph 19. The specific characterizations of the Individual Defendants' roles and positions as alleged in the First Amended Complaint, including the allegation that Tweety and Dick Eastland became executive directors of the Camp in the mid-1980s, are neither admitted nor denied to the extent Defendants lack sufficient information, and are therefore denied.

20. Defendants state that the documents referenced in Paragraph 20, including the LLC operating agreements for Mystic Camps Management, LLC and Camp Mystic, LLC, speak for themselves, and Defendants deny any characterizations thereof that are inconsistent with the terms of such documents. Defendants note that the indemnification provisions include standard exclusions for gross negligence and willful misconduct, as well as an exclusion for claims based

on a breach of the operating agreements, as acknowledged in the First Amended Complaint's own footnote.

21. Defendants state that the documents referenced in Paragraph 21 speak for themselves. Defendants deny any characterizations of such documents that are inconsistent with their terms.

22. Defendants state that the documents referenced in Paragraph 22, including the Texas Business Organization Code and the ground and building lease, speak for themselves. Defendants deny any characterizations of such documents that are inconsistent with their terms or that overstate the scope of indemnification obligations thereunder. Defendants further deny that the lease indemnity, as described in the First Amended Complaint, establishes the breadth of coverage or legal effect alleged, including with respect to owners, joint venturers, members, managers, officers, shareholders, directors, partners, agents, representatives, and employees, or the alleged conversion of Camp Mystic, Inc. to Camp Mystic, LLC on October 28, 2021.

23. Defendants state that the Insurance Policies referenced in Paragraph 23 speak for themselves. Defendants admit that certain of the Individual Defendants may be named insureds or covered persons under certain of the Debtors' Insurance Policies. Defendants deny any characterizations of such policies that are inconsistent with their terms. Defendants deny that the existence of shared insurance coverage renders the Families' direct tort claims against the Individual Defendants property of the Debtors' estates.

24. Admitted. Defendants admit that on June 24, 2026 (the "Petition Date"), the Debtors commenced voluntary cases under the Bankruptcy Code.

**B. The Prepetition Actions**

25. Admitted in part. Defendants admit that on July 4, 2025, a flood occurred in the Texas Hill Country, including the Guadalupe River valley where the Camp's Guadalupe River campus is located. Defendants admit that the flood caused catastrophic loss of life, including the deaths of 25 campers and 2 counselors at the Camp, and that Richard "Dick" Eastland also perished. Defendants deny any characterizations of the flood or its consequences that minimize the scope of the tragedy or the culpability of those responsible for the safety of the campers and counselors.

26. Admitted in part. Defendants admit that the Prepetition Actions were removed by the Debtors to the United States District Court for the Western District of Texas, where they remain pending. Defendants admit that the Debtors filed a motion to transfer the Prepetition Actions from the Western District of Texas to the Southern District of Texas. The pleadings in the Prepetition Actions speak for themselves. Defendants deny any characterizations of the Prepetition Actions or the procedural history that are inconsistent with the court records in those proceedings.

27. Defendants state that Paragraph 27 contains characterizations and legal conclusions of the Debtors regarding the resolution of the Claims and the trial of the Prepetition Actions together. To the extent a response is required, Defendants deny that the Prepetition Actions against the Individual Defendants must be tried together with claims against the Debtors or that there are disputed issues of fact that cannot be resolved without the Debtors' involvement. The Families' direct tort claims against the Individual Defendants are based on the Individual Defendants' own acts and omissions and can be resolved independently.

28. Defendants admit that the Families allege causes of action against the Debtors and the Individual Defendants in connection with the July 4, 2025 flood, including the categories of

claims generally described in Paragraph 28. The pleadings in the Prepetition Actions speak for themselves. Defendants deny any characterizations of the Families' claims that are inconsistent with the actual pleadings filed in the Prepetition Actions.

29. Admitted. Defendants admit that since the Petition Date, the Families have sought relief from this Court confirming that the automatic stay does not apply to the Individual Defendants.

## Claims for Relief

### Count I: Declaratory Relief
### Pursuant to Section 362(a)(1) of the Bankruptcy Code

30. Defendants incorporate by reference their responses to Paragraphs 1 through 29 above as if fully set forth herein.

31. Paragraph 31 states a legal conclusion regarding the scope of section 362(a)(1) of the Bankruptcy Code to which no response is required. To the extent a response is required, Defendants admit that section 362(a)(1) prohibits the commencement or continuation of actions against *a debtor* but deny that the automatic stay extends to non-debtor parties, including the Individual Defendants, absent a showing of truly unusual circumstances. The Families' direct tort claims against the Individual Defendants are not actions against the Debtors.

32. Denied. Defendants admit that Fifth Circuit precedent recognizes a narrow exception permitting extension of the automatic stay to non-debtor defendants in unusual circumstances. Defendants deny that such unusual circumstances exist here. Defendants deny that the Debtors and the Individual Defendants enjoy such an identity of interests that a suit against the Individual Defendants is essentially a suit against the Debtors. Defendants deny that continued litigation of the Claims outside of these Chapter 11 Cases will have an adverse impact on the Debtors' ability to accomplish a reorganization sufficient to warrant extension of the stay. The

"unusual circumstances" exception is extremely narrow and is not satisfied by the generalized allegations in the First Amended Complaint.

33. Denied. Defendants deny that the Individual Defendants and the Debtors enjoy such an identity of interests that the Claims against the Individual Defendants are claims against the Debtors. Defendants deny that litigating, settling, or establishing the value of claims against the Individual Defendants outside of the Chapter 11 Cases would liquidate claims against the Debtors. The Individual Defendants and the Debtors are legally distinct entities, and the Families' direct tort claims against the Individual Defendants are based on the Individual Defendants' own personal acts and omissions, not merely their status as agents or insiders of the Debtors.

34. Denied. Defendants deny that the Covered Actions, even if they involve claims for the Individual Defendants' independent conduct, involve litigation of the same key facts as the claims asserted against the Debtors in any manner sufficient to justify extending the automatic stay. Defendants deny that there is a risk of binding the Debtors through res judicata or collateral estoppel in the manner alleged. The Debtors are not parties to the claims against the Individual Defendants, and the Debtors' speculative assertions regarding divergent discovery burdens do not satisfy the stringent requirements for extending the stay to non-debtors.

35. Denied. Defendants deny that the declaratory relief the Debtors seek is necessary or appropriate. Defendants deny that Fifth Circuit precedent supports extension of the automatic stay under the circumstances alleged in the First Amended Complaint.

**Count II: Declaratory Relief**
**Pursuant to Section 362(a)(3) of the Bankruptcy Code**

36. Defendants incorporate by reference their responses to Paragraphs 1 through 35 above as if fully set forth herein.

37. Denied. Defendants admit that section 362(a)(3) of the Bankruptcy Code prohibits acts to obtain possession of, or exercise control over, property of the debtor's estate. Defendants deny that the Families' claims against the Individual Defendants constitute property of the Debtors' estates under section 541(a). Defendants deny that the continued pursuit of such claims violates section 362(a)(3).

38. Denied. Defendants deny that the proceeds of the Debtors' Insurance Policies are automatically rendered property of the estate under section 541(a) of the Bankruptcy Code solely because the Individual Defendants are co-insureds or covered persons. Defendants deny that coverage for any judgment against the Individual Defendants will necessarily reduce coverage available to the Debtors in the manner alleged. Defendants deny that section 362(a)(3) bars the Families from commencing or continuing the Covered Actions against the Individual Defendants on the basis of shared insurance coverage.

39. Denied. Defendants deny that commencement or continuation of the Covered Actions as against the Individual Defendants constitutes an act to control property of the Debtors' estates.

**Count III – Preliminary Injunctive Relief**
**Pursuant to Sections 105 and 362 of the Bankruptcy Code**

40. Defendants incorporate by reference their responses to Paragraphs 1 through 39 above as if fully set forth herein.

41. Paragraph 41 states a legal conclusion regarding the scope of section 105(a) of the Bankruptcy Code to which no response is required. To the extent a response is required, Defendants admit that section 105(a) authorizes this Court to issue orders necessary to carry out the provisions of the Bankruptcy Code. Defendants deny that section 105(a) authorizes the

issuance of an injunction barring the Families from prosecuting their direct tort claims against the Individual Defendants under the circumstances alleged in the First Amended Complaint.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the circumstances of this case warrant relief under section 105(a). Defendants deny that the Debtors' ability to effectively reorganize is threatened by the Families' prosecution of direct tort claims against the Individual Defendants.

43. Denied. Defendants deny that an injunction prohibiting the Families from filing or continuing to prosecute the Covered Actions against the Individual Defendants is appropriate. The commencement or continuation of the Covered Actions against the Individual Defendants will not frustrate or jeopardize the Debtors' reorganization efforts in the manner alleged.

44. Denied. Defendants deny that an order enjoining the Covered Actions would preserve property of the Debtors' estates. The Families' direct tort claims against the Individual Defendants are not property of the estate, and the Debtors' speculative assertions regarding estate resources do not justify depriving the Families of their constitutional right to pursue their claims.

45. Denied. Defendants deny that the Fifth Circuit's four factors for injunctive relief are satisfied.

46. *Likelihood of Success on the Merits*: Denied. Defendants deny that the Debtors have demonstrated a likelihood of success on the merits sufficient to warrant the extraordinary remedy of extending the automatic stay to non-debtor parties or issuing a preliminary injunction under section 105(a). Defendants deny that the relevant inquiry is limited to whether the Debtors have a reasonable or realistic likelihood of successfully reorganizing. Even assuming the Debtors could confirm a plan under section 1129 of the Bankruptcy Code, such a showing does not establish that the automatic stay should be extended to enjoin the Families' direct tort claims

against the Individual Defendants. The Debtors must also demonstrate that unusual circumstances justify extending the stay to non-debtors, which they have not done. Defendants deny that the Debtors have sufficient assets to provide for the treatment of allowed claims in the manner alleged. Defendants further deny that granting the requested injunction is likely to enhance the Debtors' prospects for a successful resolution of these Chapter 11 Cases, as the Families' pursuit of their direct claims against the Individual Defendants does not impede the Debtors' reorganization.

47. *Irreparable Harm*: Denied. Defendants deny that the Debtors' estates are likely to suffer immediate and irreparable harm if the Covered Actions against the Individual Defendants are not enjoined. The alleged threats identified in Paragraph 47 are speculative and contingent, not concrete and imminent as required for a showing of irreparable harm. The pursuit of estate claims and causes of action by the Families, the risk of liquidated claims through indemnification, and the alleged risk of collateral estoppel are hypothetical harms that do not rise to the level of irreparable injury.

48. *The Balance of Harms*: Denied. Defendants deny that the likelihood of irreparable harm to the Debtors outweighs any harm to the Families. The balance of hardships overwhelmingly favors the Families, who are grieving parents with a constitutional right to pursue their wrongful death and personal injury claims arising from the deaths of their children. An injunction would cause severe and irreparable harm to the Families by indefinitely delaying their pursuit of justice and accountability. The Debtors' assertion that an injunction would "merely pause" the Covered Actions minimizes the profound harm to the Families. Defendants deny that commencement or continuation of the Covered Actions as against the Individual Defendants will almost certainly deplete assets as alleged.

49. *Public Interest*: Denied. Defendants deny that the public interest supports enjoining the prosecution of wrongful death and personal injury claims by the Families. The public interest weighs strongly against shielding non-debtor individuals from accountability for the deaths of 25 children and 2 counselors. The public interest is served by ensuring that those responsible for the safety of children at a summer camp are held to account, and by preserving the Families' right of access to the courts and their Seventh Amendment right to a jury trial. Defendants deny that the extension of the automatic stay to non-debtor parties serves the public interest or promotes the orderly and effective administration of the Debtors' estates.

## Conclusion and Request for Relief

50. Denied. Defendants deny that the Debtors are entitled to any of the relief requested in the First Amended Complaint, including the entry of an order granting the declaratory and/or injunctive relief sought.

## Affirmative Defenses

Defendants assert the following affirmative defenses. Defendants do not admit that they bear the burden of proof, persuasion, or production with respect to any issue. Defendants reserve the right to assert any additional defenses not asserted herein, including those revealed through discovery, further investigation, amendment of the First Amended Complaint, or otherwise.

## First Affirmative Defense

The First Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. The First Amended Complaint fails to allege facts sufficient to establish that the automatic stay under 11 U.S.C. § 362(a) extends to the Individual Defendants or that the Debtors are entitled to injunctive relief under 11 U.S.C. § 105(a).

**Second Affirmative Defense**

The automatic stay under 11 U.S.C. § 362(a) does not extend to non-debtor parties. The First Amended Complaint fails to establish the "unusual circumstances" required under Fifth Circuit precedent to extend the stay to the Individual Defendants. The "unusual circumstances" exception is narrow and requires a showing that the debtor and non-debtor enjoy such an identity of interests that the suit against the non-debtor is essentially a suit against the debtor, or that the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization. The Debtors have failed to make either showing.

**Third Affirmative Defense**

The Families' direct claims against the Individual Defendants are not property of the Debtors' estates under 11 U.S.C. § 541(a). These claims are personal to the Families and cannot be asserted by or on behalf of the Debtors' estates.

**Fourth Affirmative Defense**

The Bankruptcy Code does not authorize the indefinite or prolonged stay of state-law tort claims against non-debtors. Extension of the automatic stay to non-debtor parties implicates significant constitutional concerns, including the Families' right of access to the courts under the First and Fourteenth Amendments, their right to a jury trial on legal claims under the Seventh Amendment, and their due process rights. The Debtors have not demonstrated that such relief is constitutionally permissible under the circumstances of this case.

**Fifth Affirmative Defense**

The First Amended Complaint is barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands, to the extent applicable based on facts developed

through discovery and further proceedings in this adversary proceeding and the underlying chapter 11 cases.

## Reservation of Rights

Defendants reserve the right to amend this Answer and to assert additional affirmative defenses as discovery and further proceedings may warrant.

Respectfully submitted this 25th day of September, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*

Jason S. Brookner
Texas Bar No. 24033684
Lydia R. Webb
Texas Bar No. 24083758
Aaron M. Kaufman
Texas Bar No. 24060067
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
lwebb@grayreed.com
akaufman@grayreed.com

*Counsel to Defendants*

## Certificate of Service

I certify that on September 25, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, which includes counsel of record for the Plaintiffs/Debtors. Counsel for the Families will serve a courtesy copy of this objection by e-mail to counsel of record for both the Debtors and the Committee.

*/s/ Jason S. Brookner*
Jason S. Brookner