# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 26-ap-03604 |
| THOSE PARTIES LISTED ON APPENDIX A, | |
| Defendants. | |

**ORDER ON (I) CERTAIN HEAVEN'S 27 FAMILIES' SUBSTITUTED MOTION FOR DETERMINATION OF EFFECT OF AUTOMATIC STAY, (II) DEBTORS' MOTION FOR PRELIMINARY INJUNCTION REGARDING AUTOMATIC STAY, AND (III) CERTAIN HEAVEN'S 27 FAMILIES' MOTION FOR RELIEF FROM AUTOMATIC STAY**

Came on for consideration (I) the *Certain Heaven's 27 Families' Substituted Motion for Entry of Order Confirming That the Automatic Stay Does Not Apply to Direct Claims Against Non-Debtor Individual Defendants* [Case No. 26-90621 Dkt. No. 132] (the "**Families' Substituted Motion**"), (II) the *Debtors' Motion for Entry of an Order (A) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors or (B) Preliminarily Enjoining Such Actions* [Adv. Pro. No. 26-03604, Dkt. No. 2] (the "**Debtors' Motion for Preliminary Injunction**"), and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

(III) the *Certain Heaven's 27 Families' Motion for Relief From the Automatic Stay* [Case No. 26-90621 Dkt. No. 204] (the "**Families' Motion for Relief**") (collectively, the "**Motions**"); and this Court having determined that it has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of these proceedings being proper pursuant to 28 U.S.C. § 1408; and this Court having considered the Motions and all objections and other pleadings filed in response thereto; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED as follows:[2]

1. The automatic stay is hereby modified with respect to the following actions: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963; *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976; *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-010016; *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983; and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758 (collectively, the "**Prepetition Actions**"), without the necessity of further Order of this Court, effective upon the date that is the later of the following (the "**Stay Modification Date**"): (a) the date on which the United States District Court for the Southern District of Texas (the "**Southern District Court**") enters an order deciding, or otherwise disposes of, the Debtors' motion to transfer venue of the Prepetition Actions to the Southern District of Texas (Case No. 4:26-mc-01321 [Dkt. No. 1]) and (b) the date on which the United States District Court for the Western District of Texas (the "**Western District Court**") enters an order or orders deciding, or otherwise disposes of, the Families' motions for abstention and remand of the Prepetition Actions;[3] *provided* that nothing in

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Families' Motion for Relief.

[3] The cases pending in the Western District Court and the applicable Dkt. Nos. for the remand motions, are as follows: No. 1:26-cv-01916-RP, *Bellows, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 22];

this Order, the Bankruptcy Code or otherwise in any way prevents the Southern District Court or the Western District Court from ruling on, or entering any orders or taking any action in connection with the matters pending before them; *and provided further* that the Families may file notices of the entry of this Order with both the Southern District Court and the Western District Court, and may make such other filings as such courts may order.

2. With respect to the Baker Family and the Marsh Family (the "**Potential Plaintiff Families**"), on the Stay Modification Date, the automatic stay shall be modified, without the necessity of further Order of this Court, so they may commence new lawsuits ("**New Actions**") or intervene or join into any of the pending Prepetition Actions, in their sole discretion; *provided*, *however*, that any such lawsuits must be commenced in the forum where the Prepetition Actions proceed under paragraph 1. Notwithstanding the foregoing, if the Stay Modification Date has not occurred by June 4, 2027, the automatic stay shall be modified on that date solely to permit the Potential Plaintiff Families to commence New Actions, and such actions shall otherwise remain stayed until the Stay Modification Date. Nothing in this paragraph affects any party's rights regarding removal, transfer, or abstention of any such action.

3. The modification of the automatic stay pursuant hereto shall be solely for the purpose of permitting the Families and the Potential Plaintiff Families to proceed to final judgment liquidating their claims against the Debtors and the estate of Richard G. Eastland, deceased, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III, as set forth herein. The Families and Potential Plaintiff Families shall not enforce or otherwise seek to

---

No. 1:26-cv-01919-RP, *Getten, et al. v. Natural Fountains Properties, Inc., et al.* [Dkt. No. 13];
No. 1:26-cv-01922-RP, *Peck, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 12];
No. 1:26-cv-01923-RP, *Naylor, et al. v. Camp Mystic, et al.* [Dkt. No. 18]; and
No. 1:26-cv-01926-RP, *Steward, et al. v. Camp Mystic, et al.* [Dkt. No. 16].

collect any such judgment against the Debtors or property of their estates, except through the allowance and treatment of their claims in these chapter 11 cases.

4. Subject to the terms of this Order, the Families and Potential Plaintiff Families are authorized to take all actions necessary to prosecute their claims in the Prepetition Actions and New Actions.

5. The Families' Substituted Motion and the Debtors' Motion for Preliminary Injunction are denied.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, this Order is immediately effective and enforceable upon entry, and the fourteen-day stay provision of Bankruptcy Rule 4001(a)(3) is waived.

7. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ____________, 2026

______________________________________
THE HONORABLE CHRISTOPHER M. LÓPEZ
UNITED STATES BANKRUPTCY JUDGE