# EXHIBIT B

Came on for consideration (I) the *Certain Heaven's 27 Families' Substituted Motion for Entry of Order Confirming That the Automatic Stay Does Not Apply to ~~Direct Claims~~ Against Non-Debtor Individual Defendants* [Case No. 26-90621 Dkt. No. 132] (the "**Families' Substituted**

**Motion**"), (II) the *Debtors' Motion for Entry of an Order (A) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors or (B) Preliminarily Enjoining Such Actions* [Adv. Pro. No. 26-03604, Dkt. No. 2] (the "**Debtors' Motion for Preliminary Injunction**"), and (III)

the *Certain Heaven's 27 Families' Motion for Relief From the Automatic Stay* [Case No. 26-90621 Dkt. No. 204] (the "**Families' Motion for Relief**") (collectively, the "**Motions**"); and this Court having determined that it has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of these proceedings being proper pursuant to 28 U.S.C. § 1408; and this Court having

considered the Motions and all objections and other pleadings filed in response thereto; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED as follows:[2]

~~1. The Families' Motion for Relief is granted as set forth herein.~~

~~2.~~ 1. The automatic stay ~~of section 362(a) of the Bankruptcy Code~~ is hereby modified ~~immediately to allow~~ with respect to the following ~~cases to proceed to final judgment~~actions: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963; *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976; *Naylor, et al. v. Camp Mystic,*

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Families' Motion for Relief.

*LLC, et al.*, Cause No. D-1-GN-25-010016; *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983; and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758 (collectively, the "**Prepetition Actions**"), so that the Families' claims are liquidated against the Debtors and each of Richard G. Eastland, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III (collectively, the "**Defendants**"); *provided that* the Families and the Defendants agree to not take any action in the Prepetition Actions, other than to provide notice of this Order, until (i) the Families' motions to remand and (ii) without the necessity of further Order of this Court, effective upon the date that is the later of the following (the "**Stay Modification Date**"): (a) the date on which the United States District Court for the Southern District of Texas (the "**Southern District Court**") enters an order deciding, or otherwise disposes of, the Debtors' motion to transfer venue are decided or otherwise disposed of by of the Prepetition Actions to the Southern District of Texas (Case No. 4:26-mc-01321 [Dkt. No. 1]) and (b) the date on which the United States District Courts Court for the Western District of Texas (the "**Western District Court**") and Southern District of Texas (the "**Southern District Court**"), respectively.[3] Nothing in this Order shall prevent the parties from responding to requests from the foregoing courts on any pending motions or otherwise appearing for hearings on such pending motionsenters an order or orders deciding, or otherwise disposes of, the Families' motions for abstention and remand of the Prepetition Actions;[3] *provided* that nothing in this Order, the Bankruptcy Code or otherwise in any way prevents the Southern District Court or the Western District Court from ruling on, or entering any orders or taking any action in connection with the matters pending before them; *and provided*

[3] The venue transfer motion is pending in the Southern District Court as Dkt. No. 1 in Case No. 4:26-mc-01321, captioned *Camp Mystic, LLC et al., Movants v. Warren Bellows, et al., Respondents.* The cases pending in the Western District Court and the applicable Dkt. Nos. for the remand motions, are as follows:

No. 1:26-cv-01916-RP, *Bellows, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 22];
No. 1:26-cv-01919-RP, *Getten, et al. v. Natural Fountains Properties, Inc., et al.* [Dkt. No. 13];
No. 1:26-cv-01922-RP, *Peck, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 12];
No. 1:26-cv-01923-RP, *Naylor, et al. v. Camp Mystic, et al.* [Dkt. No. 18]; and
No. 1:26-cv-01926-RP, *Steward, et al. v. Camp Mystic, et al.* [Dkt. No. 16].

*further* that the Families may file notices of the entry of this Order with both Southern District Court and the Western District Court, and may make such other filings as such courts may order.

~~3. The Western District Court, the Southern District Court or, if remanded, the 459th Judicial District Court of Travis County, Texas, is authorized to enter any orders, judgments, writs, processes, or other relief necessary to fully and finally resolve the Prepetition Lawsuits, as well as any actions commenced by the Baker Family and Marsh Family as set forth in paragraph 5 below, including the entry of final judgment on the merits.~~

~~4. Subject to the terms of this Order, the Families are authorized to take all actions necessary to prosecute their claims in the Prepetition Actions.~~

~~5.~~ 2. With respect to the Baker Family and the Marsh Family, ~~who have not yet commenced lawsuits~~(the "**Potential Plaintiff Families**"), on the Stay Modification Date, the automatic stay ~~is hereby~~ shall be modified, without the necessity of further Order of this Court, so they may commence new lawsuits ("**New Actions**") or intervene or join into any of the pending Prepetition Actions, in their sole discretion~~.~~; *provided*, *however*, that any such lawsuits must be commenced in the forum where the Prepetition Actions proceed under paragraph 1. Notwithstanding the foregoing, if the Stay Modification Date has not occurred by June 4, 2027, the automatic stay shall be modified on that date solely to permit the Potential Plaintiff Families to commence New Actions, and such actions shall otherwise remain stayed until the Stay Modification Date. Nothing in this paragraph affects any party's rights regarding removal, transfer, or abstention of any such action.

~~6. For the avoidance of doubt, the Families may not enforce or collect any judgment against the Debtors or any property of the Debtors' bankruptcy estates without further order of this Court.~~

3. The modification of the automatic stay pursuant hereto shall be solely for the purpose of permitting the Families and the Potential Plaintiff Families to proceed to final judgment liquidating their claims against the Debtors and the estate of Richard G. Eastland, deceased, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III, as set forth herein. The Families and Potential Plaintiff Families shall not enforce or otherwise seek to collect any such judgment against the Debtors or property of their estates, except through the allowance and treatment of their claims in these chapter 11 cases.

4. Subject to the terms of this Order, the Families and Potential Plaintiff Families are authorized to take all actions necessary to prosecute their claims in the Prepetition Actions and New Actions.

~~7.~~ 5. The Families' Substituted Motion and the Debtors' Motion for Preliminary Injunction are denied..

~~8.~~ 6. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, this Order is immediately effective and enforceable upon entry, and the fourteen-day stay provision of Bankruptcy Rule 4001(a)(3) is waived

~~9.~~ 7. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.